UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CESAR TAVERAS, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                      Plaintiff,

-against-

AUDRY MINI-MARKET, INC.,
and SANTANA LANTIGUA, individually,

                      Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Docket No.: 20-cv-5080

**Jury Trial Demanded**

      Plaintiff, CESAR TAVERAS ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, Borrelli & Associates, P.L.L.C., as and for his Complaint against AUDRY MINI-MARKET, INC. ("Audry"), and SANTANA LANTIGUA, individually, ("Lantigua," and together with Audry, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and information and belief as to all other matters as follows:

**NATURE OF THE CASE**

    1.    This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N. Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652; 12 NYCRR § 146-1.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the

1

minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1);  (viii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (ix) one of the anti-retaliation provisions of the NYLL, NYLL § 215(1)(a); and (x) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a corporation that operates as a delicatessen and grocer selling groceries and prepared food items in the Bronx, New York, and its owner, chief executive officer, and day-to-day overseer - - from on or about March 22, 2018 until on or about July 25, 2019, as a store clerk and deli counter worker.  Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, for the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours per week, but Defendants failed to pay Plaintiff at the statutorily required overtime rate of at least one and one-half times the minimum wage rate, or one and one-half times his regular rate of pay when greater, for any hours that he worked each week in excess of forty.  Instead, Defendants paid Plaintiff a weekly rate of $400.00, regardless of the total hours that Plaintiff worked in a week, which covered only Plaintiff's first forty hours of work in a week, and thus Defendants paid Plaintiff nothing for the hours that he worked over forty in a week.  Additionally, Plaintiff's hourly rate of pay fell below the minimum rate that either the FLSA or the NYLL require for each hour worked, resulting in minimum wage violations under both statutes.

3. Moreover, Defendants failed to pay Plaintiff an extra hour's pay at the minimum wage for all days when his spread of hours worked exceeded ten, and failed to provide Plaintiff with any wage statements on each payday or with any wage notice at the time of his hire, all in violation of the NYLL.

4. Defendants paid and treated all of their employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-into this action.

6. Moreover, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and the NYLL. Specifically, after Plaintiff complained to Defendants on multiple occasions about not receiving overtime wages, Defendants retaliated by forcing Plaintiff to resign on the first occasion, and then subsequently terminating Plaintiff's employment on the second occasion, only to rehire him a week later with the false promise of changing Defendants' pay practices. Then, ultimately, after returning to work from the second termination, Plaintiff complained to Lantigua for a third and final time about Defendants' pay practices, to which Lantigua responded by telling Plaintiff "that he could get the fuck out," thereby terminating Plaintiff's employment for a third and final time.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Audry was and is a New York corporation with its principal place of business located at 1410 Bronx River Avenue, Front 2, Bronx, New York 10472.

11. At all relevant times herein, Defendant Lantigua was and is the owner, CEO, and the day-to-day overseer of Audry. In that role, Lantigua manages and oversees the day-to-day operations of Audry, and was and remains ultimately responsible for all matters with respect to determining Audry's employees' rates and methods of pay and hours worked. Furthermore, Lantigua has and exercises the power to hire and fire and approve all personnel decisions with respect to Audry's employees, including Plaintiff.

12. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Audry's qualifying annual business exceeded and exceeds $500,000.00, and Audry was and is engaged in interstate commerce within the meaning of the FLSA, as it employs

two or more employees, and uses goods, equipment, and other materials in the course of its business, such as food stuffs and other retail items, much of which originates in states other than New York, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that naturally moves across state lines, the combination of which subjects Defendants to the FLSA's overtime, minimum wage, and anti-retaliation requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, worked as store clerk and/or deli counter workers or in a similar position for Defendants, and who consent to file a claim to recover damages for unpaid overtime compensation, minimum wages, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked per workweek in excess of forty; and/or (6) were not paid at least the statutory minimum wage rate for all hours worked.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet Defendants purposefully and willfully chose and continue to choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage rate for all hours worked, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant Audry is a Bronx-based corporation that operates a convenience store and delicatessen, selling packaged and prepared food items, paper goods, and other items, along with providing catering services, and that is located at 1410 Bronx River Avenue, Front 2, Bronx, New York 10472.

18. Defendant Lantigua is the owner and chief executive officer of Defendant Audry who is responsible for overseeing its day-to-day operations, including the hiring, supervising, and firing of all employees, as well as for setting employees' rates and methods of pay and hours worked. In fact, Lantigua hired and fired Plaintiff on multiple occasions, set his pay and schedule, and directed the course of Plaintiff's work. He also maintained any employment records that exist with respect to Plaintiff.

19. Plaintiff worked for Defendants as a grocer and deli counter worker from March 22, 2018 through on or around July 25, 2019.

20.     During Plaintiff's employment, his primary job duties included, *inter alia*, restocking items for sale, cleaning, preparing orders for customers at the deli counter, cooking and serving prepared food to customers at the deli counter, preparing catering orders, and operating the register to accept payment from customers.

21.     From the beginning of Plaintiff's employment with Defendants on March 22, 2018, through April 2019, excluding one week in November 2018, Defendants required Plaintiff to work, and Plaintiff did work, seven days per week, from 12:00 p.m. to 12:00 a.m. each day without a scheduled or uninterrupted break. Accordingly, Defendants required Plaintiff to work, and Plaintiff did work, eighty-four hours per week during this time.

22.     Then, from May 2019 until Plaintiff's final termination on July 25, 2019, excluding one week in June 2019, Defendants required Plaintiff to work, and Plaintiff did work, seven days per week, from 6:00 a.m. to 5:00 p.m. each day without a scheduled or uninterrupted break. Accordingly, Defendants required Plaintiff to work, and Plaintiff did work, seventy-seven hours per week during this time.

23.     Throughout Plaintiff's employment, regardless of how many hours Plaintiff worked in a week, Defendants paid Plaintiff a flat weekly salary of $400.00, which operated to cover his first forty hours of work per week only, amounting to a straight-time hourly rate of $10.00 per hour for the first forty hours of work, and what should have been an overtime rate of $15.00 per hour worked over forty in a week. At no point during Plaintiff's employment did Defendants pay Plaintiff at any rate of pay for any hours that Plaintiff worked in a week in excess of forty. Moreover, through the entirety of Plaintiff's employment, Plaintiff's hourly rate of pay for all hours worked fell below the federal and New York minimum wage, as calculated, for minimum wage purposes only, by dividing Plaintiff's total pay received by all hours worked in a week.

24. Additionally, Defendants failed to compensate Plaintiff with an additional hour's pay at the statutorily required New York minimum wage rate for the days worked when Plaintiff's spread of hours exceeded ten from beginning to end, which was virtually every day that Plaintiff worked.

25. By way of example only, during the week of April 2 through 8, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule:

Monday, April 2, 2018: 12:00 p.m. until 12:00 a.m.;

Tuesday, April 3, 2018: 12:00 p.m. until 12:00 a.m.;

Wednesday, April 4, 2018: 12:00 p.m. until 12:00 a.m.;

Thursday, April 5, 2018: 12:00 p.m. until 12:00 a.m.;

Friday, April 6, 2018: 12:00 p.m. until 12:00 a.m.;

Saturday, April 7, 2018: 12:00 p.m. until 12:00 a.m.;

Sunday, April 8, 2018: 12:00 p.m. until 12:00 a.m.

Plaintiff did not receive any scheduled or uninterrupted breaks during this week, and thus worked a total of eighty-four hours during this week. In exchange, Defendants paid Plaintiff at his weekly rate of $400.00, which covered only his first forty hours of work, and did not pay Plaintiff at any rate for the forty-four hours that he worked over forty this week. Furthermore, Defendants paid Plaintiff below the statutory minimum wage as calculated by dividing Plaintiff's total pay received, $400, by all hours that he worked, eighty-four. Defendants also failed to compensate Plaintiff with an additional hour's pay at the statutorily required minimum wage rate for each of the seven shifts that he worked that exceeded ten during this week.

26. By way of another example, during the week of May 13 through 19, 2019, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule:

Monday, May 13, 2019: 6:00 a.m. until 5:00 p.m.;

Tuesday, May 14, 2019: 6:00 a.m. until 5:00 p.m.;

Wednesday, May 15, 2019: 6:00 a.m. until 5:00 p.m.;

Thursday, May 16, 2019: 6:00 a.m. until 5:00 p.m.;

Friday, May 17, 2019: 6:00 a.m. until 5:00 p.m.;

Saturday, May 18, 2019: 6:00 a.m. until 5:00 p.m.;

Sunday, May 19, 2019: 6:00 a.m. until 5:00 p.m.

Plaintiff did not receive any scheduled or uninterrupted breaks during this week, and thus worked a total of seventy-seven hours during this week. In exchange, Defendants paid Plaintiff at his weekly rate of $400.00, which covered only his first forty hours of work, and did not pay Plaintiff at any rate for the thirty-seven hours that he worked over forty this week. Furthermore, Defendants paid Plaintiff below the statutory minimum wage as calculated by dividing Plaintiff's total pay received, $400, by all hours that he worked, seventy-seven. Defendants also failed to compensate Plaintiff with an additional hour's pay at the statutorily required minimum wage rate for each of the seven shifts that he worked that exceeded ten during this week.

27. Defendants paid Plaintiff on a weekly basis, in cash.

28. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, the total hours that Plaintiff worked for that week or his overtime rate of pay for each hour that he worked in that week in excess of forty.

29. Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, Plaintiff's rate of pay as designated by the employer.

30. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

31. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overheard.

32. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

33. Moreover, throughout his employment, Plaintiff complained several times to Defendant Lantigua about Defendants not paying him at the proper overtime rate.

34. Specifically, in or around November 2018, Plaintiff complained to Lantigua about Defendants failure to pay him overtime wages for the hours that he worked in excess of forty each week. In response, Lantigua became irate and shouted at Plaintiff, in sum and substance, that "as the owner, only he knew whether employees should receive wages," indicating that he did not intend to change his pay practices, resulting in Plaintiff's forced resignation, lest he continue working for unlawful wages. One week later, Lantigua reached out to Plaintiff and hired him back, but did nothing to correct the pay issues that Plaintiff had complained about.

35. In or around June 2019, Plaintiff again complained to Lantigua about not receiving proper overtime, to which Lantigua responded by immediately terminating Plaintiff's employment for a second time, only to contact Plaintiff approximately one week later to rehire him. Plaintiff was reticent to return to work for Defendants, but Lantigua assured Plaintiff that the wage issues he had complained about would be corrected. Based upon this false promise, Plaintiff returned to work, only to discovery that Defendants' pay practices remained the same.

36. On or around July 25, 2019, Plaintiff received his pay from Defendants, and upon review, Plaintiff complained to Lantigua about Defendants' failure to correct their unlawful pay practices with respect to overtime wages. In response, Lantigua became irate once more, and told plaintiff that "If [Plaintiff] did not like it, [Lantigua] had someone else who could do the work for the same amount I am paying you now, and [Plaintiff] could get the fuck out," thereby terminating Plaintiff's employment again for a third and final time.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

41. Defendants willfully violated the FLSA.

42. Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for all hours worked.

46. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

48. Defendants willfully violated the FLSA.

49. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

51. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for any hours worked exceeding forty in a work week.

53. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

54. As also described above, Plaintiff and any FLSA Plaintiff that opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

55. Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

56. Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

57. Plaintiff and any FLSA plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for all hours worked.

59. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

60. As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff that opts-into this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

61. At the least, Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

62. Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

63. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

65. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

66. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff that opts-into this action, with spread of hours pay for each day when their spread of hours worked exceeded ten.

67. Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to recover one hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

68. Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with any wage statements, let alone ones that accurately contained all of the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

74.     Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

76.     As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with any wage notices at hire, let alone a wage notice that accurately contained all of the criteria required under the NYLL.

77.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00

78.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA With Respect to Plaintiff Only*

79.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

81. As described above, Defendants are employers withing the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

82. As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating Plaintiff's employment on three separate occasions.

83. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

84. Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL With Respect to Plaintiff Only*

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. NYLL § 215(1)(a) prohibits employers from discharging, threatening, penalizing, or in any other manner discriminating or retaliating against an employee because such employee has, *inter alia*, made a complaint to his employer that the employer engaged in conduct that the employee, reasonably and in good faith, believes violated any provision of the NYLL.

87. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

88. As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating Plaintiff's employment on three separate occasions.

89. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

90.     Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

91.     At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General pursuant to NYLL § 215(b)(2), thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

92.     Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. All damages that Plaintiff has sustained as a result of Defendants' retaliatory conduct, including general and special damages for past and future lost compensation and benefits that he would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature, as well as for emotional distress and/or mental anguish in connection with his claims;

  g. Granting an award of damages to be determined at trial to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment in connection with his claims;

  h. An award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay, in connection with Plaintiff's retaliation claims;

  i. Liquidated damages and any other statutory penalties recoverable under the FLSA and the NYLL;

  j. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

  k. Designation of Plaintiff and his counsel as collective action representatives under the FLSA,

    l.    Pre-judgment and post-judgment interest, as provided by law; and

    m.    Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
         July 2, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
CAITLIN DUFFY (CD 8160)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)